FILED

2018 MAY 29 AM 11:41

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

KEVIN EADE,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.

    Defendant.

Case No.: 5:18-cv-260-OC-30PRL

COMPLAINT AND DEMAND
FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

KEVIN EADE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental

jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Dunedin, Florida 34698.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

10. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Debt collection is the principal purpose of Defendant's business.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Plaintiff has a cellular telephone.

16. Plaintiff has solely used this phone as a cellular telephone.

17. Beginning in or about May or June 2017 and continuing through in or about July 2017, Defendant called Plaintiff on a repeated and continuous basis each day, typically multiple times per day, attempting to collect an alleged DirecTV debt that had been incurred primarily for personal, family, or household purposes.

18. Defendant's collection calls derived from phone numbers that include, but are not restricted to the following: (202) 844-5386. The undersigned has confirmed that this phone number belongs to the Defendant.

19. Defendant called Plaintiff on his cellular telephone utilizing an automatic telephone dialing system and/or pre-recorded voice or message.

20. Plaintiff knew that Defendant's calls were automated calls as he was often met by a noticeable pause or delay prior to speaking to Defendant's collectors.

21. Defendant's calls were not made for "emergency purposes."

22. On multiple occasions between in or about May and July 2017, Plaintiff advised Defendant to stop calling his cellular telephone number.

23. Defendant heard and acknowledged Plaintiff's instructions by responding that they would call back later to discuss the account, or alternatively, Defendant would hang up on Plaintiff.

24. Once Defendant was informed that its calls were unwanted and to stop calling, its continued calls could have served no lawful purpose besides harassment.

25. Much to Plaintiff's chagrin, Defendant persisted in calling Plaintiff an excessive number of times daily through July 2017.

26. Plaintiff found Defendant's calls to be harassing, intrusive and distressing throughout this time period.

27. Furthermore, Defendant threatened to take Plaintiff to court on multiple occasions between in or about May and July 2017 without ever intending to pursue this course of action.

28. Defendant also failed to send Plaintiff a written notice within five days of its initial contact in or about May or June 2017.

29. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

31. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32. Defendant violated both sections of the FDCPA by calling Plaintiff excessively each day attempting to collect an alleged DirecTV debt and continued to call Plaintiff in spite of Plaintiff's innumerable demands to stop calling his cellular telephone.

## COUNT II
## DEFENDANT VIOLATED §§1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

33. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. Section 1692e(10) prohibits a debt collector from using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Section 1692e(5) prohibits a debt collector from threatening to take action that cannot legally be taken or is not intended to be taken.

36. Defendant violated §§1692e, 1692e(5), and 1692e(10) of the FDCPA by threatening to take Plaintiff to court to collect the alleged debt when it did not intend to take such action. Defendant's threat was made solely to coerce payment from Plaintiff, and the lapse in time without further action indicates that Defendant had no intention to proceed with filing a lawsuit.

## COUNT III
## DEFENDANT VIOLATED §1692g OF THE FDCPA

37. A debt collector violates §1692g of the FDCPA by failing to send the consumer a written notice, within five days after the initial communication with the consumer, containing all of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer disputes the debt within thirty days after receiving this written notice, the debt will be taken as valid by the debt collector, a statement that if the consumer does notify the debt collector that s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a statement

PLAINTIFF'S COMPLAINT

that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

38. Defendant violated this section of the FDCPA by failing to send Plaintiff a written notice regarding the alleged medical debt within five days after the initial communication was made in or around May or June 2017.

## COUNT IV
## **DEFENDANT VIOLATED THE TCPA**

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

41. Defendant's calls to Plaintiff were not made for "emergency purposes."

42. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

43. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

44. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

45. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

PLAINTIFF'S COMPLAINT

# COUNT V
## DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

48. Defendant violated § 559.72(7) when it called Plaintiff incessantly each day in their attempts to collect an alleged DirecTV debt and continued to call Plaintiff relentlessly despite being informed by Plaintiff on innumerable occasions that he wanted their calls to stop.

WHEREFORE, Plaintiff, KEVIN EADE, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

i. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

j. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEVIN EADE, demands a jury trial in this case.

Respectfully submitted,

Dated: May 22, 2018        By: /s/ *Amy L. Bennecoff Ginsburg*
                           Amy L. Bennecoff Ginsburg, Esq.
                           Kimmel & Silverman, P.C.
                           30 East Butler Pike
                           Ambler, PA 19002
                           Phone: (215) 540-8888
                           Facsimile: (877) 788-2864
                           Email: aginsburg@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT